# Commonwealth v. Eilenberger, Appellant.

*Criminal law—Selling intoxicating liquors—Evidence—Identity of defendant—New trial.*

Upon an indictment charging the defendant in four counts with selling liquors without a license, selling intoxicating liquors, transporting, and possessing intoxicating liquors, where there was evidence to warrant a conviction on the second count, selling intoxicating liquors, and the sentence of the court was appropriate to such a conviction, it is not material that the verdict was guilty as to the "two first" counts.

Testimony that the defendant, when he sold the liquors wore a brown hat and that he also wore a hat of the same color when arrested eight days later, while of little value to prove identity, was admissible.

A new trial was properly refused where the evidence was conflicting, and no reason was presented to move the court to disturb the verdict.

Argued October 2, 1922.    Appeal, No. 231, Oct. T., 1922, by defendant, from judgment of Q. S. Monroe County, Dec. Sessions, 1921, No. 7, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Clarence Eilenberger.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Indictment for selling liquor without a license, selling, transporting and possessing intoxicating liquors. Before SHULL, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was refusal of motion for new trial.

*Leo A. Achterman,* and with him *Forrest J. Mervine,* for appellant.—No class of testimony is more uncertain, and less to be relied upon, than that as to identity, and where a great doubt is cast upon it by the witnesses themselves, there is a double reason for submitting it with great caution: Com. v. House, 223 Pa. 487; Com. v. Ronello, 251 Pa. 329.

*Chester H. Rhodes,* District Attorney, for appellee.— Since one count was sufficient to sustain the sentence, it is immaterial in what manner the remaining counts were disposed of: Hazen v. Com., 23 Pa. 355; Com. v. Stahl et al., 1 Pa. Superior Ct. 496.

Evidence, purely circumstantial, and in itself not very strong, may nevertheless be relevant and proper for consideration in connection with other facts and circumstances tending to prove the identity of the prisoner and connect him with the felony charged: Johnson v. Com., 115 Pa. 369.

OPINION BY TREXLER, J., November 23, 1922:

The defendant was indicted in four counts: (1) selling liquors without a license; (2) selling intoxicating liquors; (3) transporting intoxicating liquors; (4) having possession of intoxicating liquors.

The jury found him guilty of the "two first." This may be a grammatical blunder, but if so not very serious because frequently made. Strictly speaking there is but one "first" count but the meaning of the language employed is evident, and the subject requires no further comment.

We are asked to hold that the defendant cannot consistently be convicted of selling liquor without a license,

and selling intoxicating liquor.   If this be so, it avails
the defendant nothing.   The lower court in its opinion
on the motion for a new trial properly found that the
verdict of guilty on the second count was warranted by
the evidence and that the first count might be ignored.
An appropriate sentence on the second count was im-
posed.   This action of the court was in accordance to
the authorities.   See Com. v. Holgate, 63 Pa. Superior
Ct. 246-255, and cases there cited.

The defendant, it was testified, at the time he sold the
liquor, wore a brown hat.   The constable was allowed
to testify at the trial that when he served the warrant
eight days later, the defendant wore a brown hat.   This
statement had little value in proving identity but it was
not error to admit it.   Even if it were incompetent, it
was not material and would not be sufficient ground for
a reversal.

As to the refusal of the court to grant a new trial we
need only state, that the witness to the offense gave a
very clear and coherent story.   The defendant tried to
meet this by proving an alibi.   It was for the jury to
decide which story was to be credited.   That there were
more witnesses on one side than the other did not con-
trol: Braunschweiger v. Waits, 179 Pa. 47-51.   There
was no proper reason present to move the lower court to
disturb the verdict.

All of the assignments are overruled, the judgment is
affirmed and the record remitted to the court below and
it is ordered that the defendant appear in the court
below at such time as he may be there called and that he
be by that court committed, until he has complied with
the sentence or any part of it which had not been per-
formed when the appeal in this case was made a super-
sedeas.