Commonwealth *v.* Lindner, Appellant.

Argued October 28, 1938.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES,
JJ.

*Lemuel B. Schofield,* with him *Daniel Greenfield,* for
appellant.

*Vincent A. Carroll,* Assistant District Attorney, with
him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY PARKER, J., November 18, 1938:

On March 18, 1938 a branch of the Germantown
Trust Company was entered and robbed of $1,800 in
cash by armed and masked bandits. Shortly thereafter
Joseph Lindner, the appellant, was convicted of the
offenses of robbery while armed with a firearm and un-
lawfully carrying a revolver on his person. He was
sentenced on two indictments. In support of these ap-
peals it is argued that the evidence as to the identity
of the appellant was insufficient to support the verdict,
that the cross-examination by the assistant district at-
torney was so inflammatory as to constitute prejudicial
error and that the charge to the jury by the trial judge
was argumentative and inaccurate as to certain facts.

The judgments must be affirmed as we find no merit in the assignments of error.

The uncontradicted evidence of the Commonwealth was to the effect that on March 18, 1938, at about 9:15 A.M. five men alighted from an automoble in front of the bank; that at least three of them entered the bank, placing masks on their faces as they came into the banking room; that one of the men stood at the door with a sawed off shot gun and gave orders; that another approached the cage of one of the tellers with a revolver in his hand, saying, "Stand back. This is a holdup"; that a third member of the party vaulted over the cage, seized about $1,800 in cash and that the bandits then fled.

A reference to the testimony will be sufficient to conclusively answer the appellant's contention that the identification of Lindner was not sufficiently definite to sustain a conviction. Fred E. Brown testified that he was a customer of the bank; that he went into the bank at about 9:15 A.M. to get a check cashed; that as he approached the bank a car was driven up in front of the building and five men alighted therefrom; that he entered the bank, transacted his business and when he started to come out a man grabbed him by the arm and said "Get back. This is a stickup"; that he saw a revolver in the man's hand and that the men were not masked until after they entered the bank. The witness then stated that he could identify two of the men, Joseph Lindner, the appellant, and Joseph Griffin; that he had a good look at them and that he was sure that these were two of the men.

There was corroboration of Brown's identification by persons inside of the bank. A customer, Mezzonati, stated that Lindner looked like the man that came in the bank first but that he could not positively identify him. Joseph Oates, one of the tellers, said Lindner was one of the men; that although he was masked he could identify him by his appearance and build. Nancy

Wills, another employee, said on direct examination that she could identify Lindner as one of the men, but admitted that at the preliminary hearing she had stated that she *believed* Lindner was one of the men. In explanation of the use of the word "believed" she said: "Well, it is pretty hard to identify a person; that is, definitely, when you cannot see their eyes."

The testimony of Brown alone was sufficient on the question of identity. The witness showed that he was in a position to see Lindner when he was unmasked and then without reservation identified him. His testimony was not weakened by cross-examination. Not only so, but the other witnesses furnished strong corroboration. In fact, there is much authority to sustain the contention of the assistant district attorney that there was sufficient evidence on the subject of identity exclusive of that of Brown to sustain the judgments: *Com. v. Fink,* 93 Pa. Superior Ct. 57; *Com. v. Reid,* 123 Pa. Superior Ct. 459, 187 A. 263; *Com. v. Roddy,* 184 Pa. 274, 39 A. 211.

The remaining assignments of error do not require extensive discussion. The assistant district attorney asked the defendant on cross-examination if he knew the attorney who was questioning him and the defendant replied that he did not and that he had never seen him before. We do not see how this question taken with the answer could have done any harm to the defendant. In any event, the question was not objected to, no request was made to withdraw the case from the consideration of the jury and it is not now made the subject of an assignment of error. There is no distinction in this respect between improper evidence and improper argument. "It is the duty of counsel to aid the court by their learning and fidelity, in the administration of justice; any other rule of duty would, probably, lead to very undesirable results; because, without it, the most effective defense astute counsel could make for criminals with a hopeless case on the

evidence, would be, by silence, to invite errors of omission and commission by the court and opposing counsel, with the object of securing reversals on review; and thus, by persistent, expensive and vexatious appeals, wear out the prosecution": *Com. v. Weber*, 167 Pa. 153, 164, 31 A. 481. Also see *Com. v. Wilcox*, 316 Pa. 129, 173 A. 653. Where objection is made upon the grounds here asserted, if the objection is not sustained, prompt request should be made for the withdrawal of a juror: *Com. v. Windish*, 176 Pa. 167, 170, 34 A. 1019; *Com. v. Ezell*, 212 Pa. 293, 296, 61 A. 930; *Com. v. Shields*, 50 Pa. Superior Ct. 1, 24.

In this connection complaint is also made of the cross-examination of Emma Avicola, a sister of appellant. The defense consisted of a denial by Lindner that he was at the bank at the time of the holdup. He claimed that he was in the apartment of one Ann Dorsey from early in the morning of March 18th until 4:30 P.M. of that day. Mrs. Avicola was called to the stand for the purpose of showing that the witness had located Mrs. Dorsey in Jersey City, that Mrs. Dorsey promised to be present at the trial but that she did not attend. This was the only evidence furnished by defendant aside from his own testimony. The assistant district attorney asked Mrs. Avicola if Mrs. Dorsey had not told her that she had left Philadelphia right after this stickup and also asked her if she did not know that Mrs. Dorsey had been driven out of the state by the police. The witness replied that she had not learned such fact from Mrs. Dorsey and that Mrs. Dorsey had not run away. While there was an objection to a portion of this testimony, it was not followed by a request for the withdrawal of a juror or the continuation of the case. We do not believe that the questions constituted reversible error and it is now too late to raise the question. The district attorney was within his rights in eliciting information as to the absent witness.

The appellant also complains that the trial judge mis-

stated certain items of evidence. The complaint is not that the charge of the court was directly contrary to the facts in evidence, but rather that he drew unwarranted inferences from certain facts. A careful reading of the charge has convinced us that there was not any substantial error in the trial judge's recital of the facts. In addition, the trial judge at the conclusion of the charge gave counsel for defendant ample opportunity to correct mistakes in the recital of the evidence if there were any such errors. Such requests as were made by defendant were complied with and no objection was made to the matters now relied upon. It is too late to take advantage of a slight inaccuracy, particularly when the jury were advised that they should depend upon their own memories and not upon the memory of the court in recalling the testimony.

The judgments are affirmed.