Commonwealth *v.* Pride, Appellant.

Argued October 1, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

**166**

*Robert P. Shick,* with him *Henry Gouley,* for appellant.

*Henry G. Sweney,* First Assistant District Attorney, with him *Louis A. Bloom,* Assistant District Attorney and *William B. McClenachan, Jr.,* District Attorney, for appellee.

OPINION BY STADTFELD, J., November 20, 1940:

The defendant, Donald M. Pride, was charged on indictment, with having committed open lewdness by reason of an indecent and public exposure of his person on the night of May 29, 1940. He was convicted and sentenced. In this appeal it is argued that the trial judge failed in his duty to control the examination of the witnesses, that the charge to the jury by the trial judge was unfair, prejudicial and did not adequately protect the interests of the defendant, and that the trial judge failed to refer defendant's motion for a new trial to the court in banc. As we find no merit in the assignments of error, the appeal from the final order and sentence of the court below must be dismissed.

The uncontradicted evidence of the Commonwealth was based upon the testimony of the prosecutrix, Eleanor Wilson. She testified that as she was walking home on the West Chester Pike and at Harvin Road, in Upper Darby Township, on the night of May 29, 1940, between 10:20 and 10:30 P.M., a young man appeared at her side and exposed himself to her; that she started to run and he, going upon the lawn of the houses along the street, ran after her and exposed himself a second time near an electric light on West Chester Pike, and a third time within a short distance down the street. About five minutes later, she reported the matter to a policeman in the vicinity and described the offender as "a boy about eighteen years old; a light gray suit-coat on, with different colored trousers; a shirt open at the neck, with no necktie; light brown

hair, and he might be a trifle shorter than I am". About five minutes after the prosecutrix had arrived home, she was called upon by two policemen. They took her to Oakley Road, a few blocks from the scene of the offense, where five boys were lined up, and as the prosecutrix testified, "as soon as they put the flashlight on Donald Pride, I knew right there and then that was the boy". She reiterated her identification of Donald M. Pride, the defendant, as the offender at the trial of the case.

The testimony of the prosecutrix supplied sufficient evidence on the subject of identity to sustain the conviction. See *Commonwealth v. Lindner*, 133 Pa. Superior Ct. 196, 2 A. 2d 518; *Commonwealth v. Sharpe*, 138 Pa. Superior Ct. 577, 10 A. 2d 783. Appellant, however, seems to feel that, having produced five witnesses to prove his alibi, to-wit, that he had been elsewhere in the company of others at the time of the occurrence of the alleged offense, the verdict of the jury was against the evidence and a conviction cannot be sustained. The law is well settled that it is within the province of the jury, under proper instructions by the trial court, to decide which story is to be credited. That there are more witnesses on one side than the other is not controlling: *Commonwealth v. Eilenberger*, 80 Pa. Superior Ct. 23, 25.

Appellant complains that the court below allowed the district attorney to ask the prosecutrix a leading question, suggesting the manner in which the defendant exposed himself. It appears however, that in the course of her testimony prior thereto, the prosecutrix had already stated the fact of defendant's having exposed himself to her. In the light of the charge against the defendant contained in the bill of indictment and in the comments to the jury in the opening of the Commonwealth's case, this testimony was clear and intelligible. The subsequent question was in no way

prejudicial to the defendant. At any rate, we cannot say that the trial judge abused the discretion entrusted to him in the control of the scope and use of leading questions. See *Commonwealth v. Bruno,* 316 Pa. 394, 403, 175 A. 518; *Commonwealth v. Miele,* 115 Pa. Superior Ct. 269, 277, 175 A. 706. This assignment of error, the first, was not raised by appellant in the court below in support of his motion for a new trial.

The second, third and fourth assignments of error likewise relating to the trial judge's control of the examination of the witnesses, require little discussion. No exceptions were taken by the appellant in the court below to cover these assignments of error, except in one instance where defense counsel objected to a question on the ground that it was a direct and plain attempt to smear the character of the defendant, and in another instance where defense counsel objected to a "lustful expression" on the district attorney's face. The latter objection the court below in its discretion regarded as improperly taken, the description being unfounded. The first objection was made to the district attorney's asking the defendant, on cross-examination, whether he was "out on the hunt for women" on the night of the commission of the offense with which he was charged. The trial court did not err in overruling defense counsel's objection to this question. The state of the defendant's mind at or about the time of the commission of the offense was a matter in issue, and the preceding testimony showed the question to have been the result of a natural development of the facts rather than an attempt to introduce evidence of the commission by defendant of another offense, or tending to show his bad character or reputation. See, *Commonwealth v. Kaminski,* 104 Pa. Superior Ct. 115, 116, 158 A. 639; *Commonwealth v. Diagicobbe,* 85 Pa. Superior Ct. 305, 309. For the same reason, and also for the reason that no objection was made, the admission by the trial court

of questions on cross-examination relating to defendant's possession of contraceptives was not improper or prejudicial to defendant.

Appellant's fifth and sixth assignments of error relate to the trial judge's charge to the jury. It is contended that the charge was prejudicial to defendant's cause and inadequate with respect to instructions on the law governing alibi as a defense. There is no basis for this contention. After a careful reading of the entire charge, we are convinced that the charge to the jury was, as a whole, eminently fair and comprehensive.

The charge contains a summary by the trial judge of the testimony as to alibi; it likewise contains instructions as to quantum of proof necessary when an alibi is relied upon, as well as instructions as to the degree of persuasion necessary. Thus the jury was supplied with a standard for measuring the probative value of the evidence. The instructions of the court below in the instant case were entirely in accord with the latest pronouncements of this court and of the Supreme Court of this Commonwealth on the subject of alibi as a defense. *Commonwealth v. Jordan*, 328 Pa. 439, 446-448, 196 A. 10; *Commonwealth v. Sharpe*, supra. No objection was made and no exception taken to the charge in the court below.

The seventh assignment of error relates to the failure of the trial judge to refer defendant's motion for a new trial to the court in banc. The record discloses that on June 19, 1940, defendant filed a motion for a new trial but made no request for a full bench. On the same day, the trial judge, sitting alone, denied defendant's motion. In *Commonwealth v. Markmann, Jr.*, 114 Pa. Superior Ct. 29, 36, 174 A. 6, this court held that a trial judge sitting alone may refuse a motion for a new trial, where no request has been made for a full bench, if the record does not suggest doubt of a just verdict. Appellant contends, however, that a supplemental motion for a new

trial before the court in banc was refused. The record does not disclose that a supplemental rule to show cause why a new trial should not be granted had been presented to the court, or that a request had been made for a reference of the case to the court in banc. An addendum to the record shows that defense counsel wrote a letter to the trial judge on July 31, 1940, enclosing a request for leave to file supplemental reasons for a new trial and that an argument be had before the court in banc. In a supplemental opinion and order, dated September 13, 1940, discharging defendant's motion for a new trial and sustaining the dismissal by the trial court of defendant's motion, it is stated, "We are now filing this opinion so that the appellate court may know our reasons for denying the motion for a new trial upon the date of sentence (and fully advanced at that time) and which motion was further presented before the court en banc and briefs furnished". Under the state of the record as it appears before this court, unconvinced that the verdict was not a just one, no compelling reason appears for returning the case to the court below for further review.

All of the assignments are overruled, the appeal is dismissed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may there be called and he be by that court committed, until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.