**[J-80-2012][M.O. – Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,    :    No. 564 CAP
                                             :
           Appellee                      :
                                             :    Appeal from the Order entered on
                                             :    11/16/07 denying the PCRA relief in the
           v.                              :    Court of Common Pleas, Criminal
                                             :    Division of Philadelphia County at No.
                                             :    CP-51-CR-1024821-1988
ANTHONY REID,                                  :
                                               :
           Appellant                    :    SUBMITTED:  June 20, 2012

**DISSENTING OPINION**

**MR. JUSTICE SAYLOR**                                  **DECIDED:  August 20, 2014**

Consistent with my position in the companion case, I have difficulty with a number of the reasons offered by the PCRA court in support of the summary dismissal of the Appellant's PCRA petition and would remand for corrective measures.

For example, the post-conviction court summarily dismissed Appellant's claim that his trial counsel was ineffective for failing to request a special, cautionary instruction concerning the reliability of eyewitness identification per Commonwealth v. Kloiber, 378 Pa. 412, 106 A.2d 820 (1954).  In the companion case, I explained that the court erroneously displaced a material circumstance in which a Kloiber charge is required – when an eyewitness's positive statements as to identity are weakened by failure to identify the defendant on one or more prior occasions – and improperly shifted the analysis to time-of-trial witness explanations.  See Commonwealth v. Reid, ___ Pa. ___,

___ A.3d ___ (___ __, 2014). My comments in this regard apply equally to the present case, since the PCRA court addressed the <u>Kloiber</u>-based concerns raised in both cases within the same passage of its consolidated opinion.

Additionally, with regard to the present case, without an evidentiary record, the post-conviction court made credibility judgments concerning witness motivations connected with previous failures to identify. <u>See</u> <u>Commonwealth v. Reid</u>, Nos. CP-51-CR-1024821-1998, CP-51-CR-0602521-1989, <u>slip</u> <u>op.</u> at 36-37 (C.P. Phila. Feb. 14, 2011). The majority credits such findings and relies on them as the basis for its affirmance. <u>See</u> Majority Opinion, at 31-32.

For my part, I have been a proponent of fair latitude in the affordance of evidentiary hearings on first post-conviction petitions. <u>See</u>, <u>e.g.</u>, <u>Commonwealth v. Simpson</u>, ___ Pa. ___, ___, 66 A.3d 253, 284-86 (2013) (Saylor, J., dissenting).[1] The notion that in very clear cases a remand may be avoided even where an evidentiary hearing was improperly denied should not be treated as a panacea for deficient decision-making at the common pleas level. As to the persistent instances of work product from our post-conviction courts which is out of sync with acceptable judicial and professional norms and the unfortunate and unintended consequences of the appellate courts' efforts to work around overt and obvious deficiencies, I incorporate my comments from <u>Simpson</u> here, as in the companion case. <u>See</u> <u>id.</u>

---

[1] I make no suggestion, in the present case, of the sort of reconstructive hearing envisioned in the majority opinion. <u>See</u> Majority Opinion, <u>slip</u> <u>op.</u> at 31.