**[J-27-2017][M.O. – Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| MATTHEW RANCOSKY, ADMINISTRATOR DBN OF THE ESTATE OF LEANN RANCOSKY AND MATTHEW RANCOSKY, EXECUTOR OF THE ESTATE OF MARTIN L. RANCOSKY, | : : : : : | No. 28 WAP 2016 |
| | : | Appeal from the Order of the Superior |
| | : | Court entered 12/16/15 at No. 1282 |
| | : | WDA 2014, affirming in part and |
| | : | vacating in part the judgment of the |
| Appellee | : | Court of Common Pleas of Washington |
| | : | County entered on 8/1/14 at No. 2008- |
| v. | : | 11797, and remanding |
| | : | |
| | : | |
| | : | |
| WASHINGTON NATIONAL INSURANCE | : | |
| COMPANY, AS SUCCESSOR BY | : | |
| MERGER TO CONSECO HEALTH | : | |
| INSURANCE COMPANY, FORMERLY | : | |
| KNOWN AS CAPITAL AMERICAN LIFE | : | ARGUED:  April 4, 2017 |
| INSURANCE COMPANY, | : | |
| | : | |
| Appellant | : | |

**CONCURRING OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  SEPTEMBER 28, 2017**

I join Parts I and III of the majority opinion.

As to Part II, I support the holding that a denial of insurance benefits in the absence any reasonable supporting basis, coupled with knowledge or reckless disregard on the part of the insurer, is sufficient to constitute bad faith for purposes of Section 8371 of the Judicial Code.  That said, my reasoning does not fully comport with some of the majority's rationale.  For example, I differ with the assertion that "an ill-will level of culpability would limit recovery in any bad faith claim to the most egregious

instances only where the plaintiff uncovers some sort of 'smoking gun' evidence indicating personal animus towards the insured." Majority Opinion, *slip op.* at 22. To the contrary, inferences regarding intent are legitimately and regularly drawn from circumstantial evidence (including actions and inaction) in other contexts, including in the criminal law. *See, e.g.*, *Commonwealth v. Kloiber*, 378 Pa. 412, 426, 106 A.2d 820, 827 (1954) ("It is clearly settled that a man may be convicted on circumstantial evidence alone, and a criminal intent may be inferred by the jury from facts and circumstances which are of such a nature as to prove defendant's guilt beyond a reasonable doubt."). I see no reason why the General Assembly could not have envisioned similar treatment in the bad-faith arena.

Instead, I endorse the threshold of at least reckless disregard, since I believe that this captures a sufficient measure of wrongfulness to comport with the Legislature's remedial purposes and yet conveys that a finding of bad faith requires more than mere negligence.[1]

As to punitive damages, I believe these should also be adjudged according to conventional standards, including the applicable constitutional limitations. In this regard, the Supreme Court of the United States has explained that the federal Due Process Clause of the Fourteenth Amendment to the United States Constitution requires a circumstance-specific assessment of the "degree of reprehensibility" relative to punitive damage awards. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S.

---

[1] It should be acknowledged, however, that term "recklessness" itself carries some ambiguity. *See Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 1978 (1994) ("[T]he term recklessness is not self-defining."). From my own point of view, civil-law recklessness as defined by the Supreme Court of the United States, *see id.* at 836-37, 114 S. Ct. at 1978-79, should suffice to support the compensatory damages and fee-shifting provided in Section 8371. However, the question whether it will support punitive damages in any given amount, consistent with constitutional norms, must be addressed according to the federally-prescribed standards discussed below.

408, 418-19, 123 S. Ct. 1513, 1520-21 (2003). In the absence of more specific and appropriate legislative guidance, trial courts must be sensitive to the attendant considerations and limitations, *see id.* at 419, 123 S. Ct. at 1521, lest their awards reflect unconstitutional applications of Section 8371.

Finally, I agree with the remand on the terms prescribed by the majority for the reasons that it sets forth at the conclusion of Part II of its opinion. *See* Majority Opinion, *slip op.* at 23.