J-S29044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| ERIC J. SMITH, | : | |
| Appellant | : | |
| | : | No. 1224 MDA 2013 |

Appeal from the PCRA Order July 1, 2013,
in the Court of Common Pleas of Montour County,
Criminal Division at No(s): CP-47-CR-0000182-2008

BEFORE: PANELLA, WECHT, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 24, 2014**

Eric J. Smith (Appellant) appeals *pro se* from the order entered on July 1, 2013, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant has also filed an application for appointment of counsel. Upon review, we deny Appellant's application for appointment of counsel and affirm the order of the PCRA court.

The factual and procedural history underlying this case can be summarized as follows. On June 10, 2009, a jury convicted Appellant of theft, robbery, and conspiracy to commit robbery. On July 8, 2009, Appellant received an aggregate sentence of 10 to 20 years' incarceration.

_____
* Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a post-sentence motion, which was denied by operation of law. Appellant then timely filed a notice of appeal to this Court. On February 10, 2011, a panel of this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on October 18, 2011. ***Commonwealth v. Smith***, 23 A.3d 451 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 30 A.3d 1193 (Pa. 2011).

On July 12, 2012, Appellant timely filed a *pro se* PCRA petition. On November 19, 2012, the PCRA court appointed Attorney Angela L. Mattis to represent Appellant. On February 15, 2013, counsel filed an amended PCRA petition, and on June 10, 2013, a hearing was held. At the close of the hearing, the PCRA court entered an order denying Appellant PCRA relief. N.T., 6/10/2013, at 38-39.[1] On July 3, 2013, Appellant timely filed a *pro se* notice of appeal.[2]

---

[1] That order is dated June 10, 2013, was filed on June 25, 2013, and was entered on the docket on July 1, 2013.

[2] On November 15, 2013, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. The order indicates that Appellant was proceeding *pro se* at that time; however, there is no indication on the docket that Appellant was ever sent that order. The Commonwealth suggests we find all issues waived on the basis that Appellant did not file his concise statement until July 24, 2014. Commonwealth's Brief at 5-6. However, because counsel was still representing Appellant at the time the concise statement order was filed, there was a breakdown in the operation of the courts, so we decline to find Appellant's issues waived on that basis.

"Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*). Thus, because counsel was appointed and represented Appellant in the PCRA court, but Appellant filed the appeal *pro se*, on May 6, 2014, we remanded this case to the PCRA court to determine whether Appellant wished to proceed *pro se* on appeal or be represented by counsel.

On August 11, 2014, the PCRA court entered an order permitting Attorney Mattis to withdraw as counsel "on the basis of [Appellant's] direction that she do so and his expressed wish to proceed *pro se*." PCRA Court Order, 8/11/2014, at ¶ 1. That order further provided that the PCRA court held a colloquy pursuant to Pa.R.Crim.P. 121 and "found that [Appellant] has knowingly and intelligently waived his right to counsel." *Id*. at ¶ 3.[3] On October 24, 2014, Appellant filed a new brief with this Court

---

[3] On August 19, 2014, Appellant sent a handwritten letter to this Court requesting the appointment of counsel. He writes:

> Last week August 11, 2014 I had an (*sic*) colloquy to determine whether I wanted to proceed with counselor Angela Mattis as my attorney. I allowed her to withdrawl (*sic*) which I felt it was the best decision to do so due to my serious legal matter. I also told the court that I'll be representing myself which is not in the best of my own interest. I'm no lawyer or litigator. I want to exercise my Constitutional Right to counsel so I'm asking the Honorable Court to please provide me with counsel.

Letter, 8/19/2014.

raising the exact same issues raised in his original *pro se* brief. The Commonwealth filed a letter stating that it would not file a new brief, but would rely upon the brief it filed originally in this appeal. Thus, this matter is now ripe for our review.

We set forth our well-settled standard of review.

> Our standard of review on appeal from the denial of PCRA relief limits us to examining whether the ruling of the PCRA court is supported by the record and free of legal error. Under the PCRA, appellant bears the burden of proving by a preponderance of the evidence that his conviction or sentence resulted from a violation recognized in 42 Pa.C.S. § 9543(a)(2). Appellant must further demonstrate that the issues he pursues have not been previously litigated or waived. ***Id***. § 9543(a)(3). An issue will be deemed previously litigated pursuant to the PCRA if the highest appellate court in which the petitioner was entitled to review as a matter of right has ruled on its merits. A claim will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state post conviction proceeding." 42 Pa.C.S. § 9544(b).

***Commonwealth v. Puksar***, 951 A.2d 267, 271 (Pa. 2008) (some citations omitted).

Instantly, Appellant sets forth six issues for our review. First, Appellant contends his constitutional rights to a fair trial were violated because the Commonwealth withheld exculpatory evidence. Appellant's Brief at 7. Appellant also contends that the trial court erred in failing to offer a

---

In other words, Appellant reconsidered his decision to represent himself realizing that it was not in his best interests to do so. Unfortunately for Appellant, he waived that right at the hearing before the PCRA Court. In fact, this Court bent over backwards to ensure that Appellant had the opportunity to obtain counsel and he declined to do so at the appropriate time. Accordingly, we deny his application for appointment of counsel.

***Kloiber***[4] instruction. ***Id***. Although these two issues were raised in Appellant's PCRA petition, and addressed at the hearing, they are both woefully underdeveloped on appeal.[5] Appellant sets forth no coherent argument for either issue; nor, in violation of Pa.R.A.P. 2119, does he cite to the testimony from the PCRA hearing. Moreover, Appellant has not presented the issues properly in the context of a claim for ineffective assistance of counsel or another claim otherwise cognizable under the PCRA.[6] Accordingly, we cannot review these issues on appeal.

Appellant's next four issues, which include Appellant's post-arrest silence, an improper demonstration to the jury, improper statements in the Commonwealth's closing argument, and the imposition of a sentence in the aggravated range, are a mere recitation of the four issues Appellant raised on direct appeal.[7] All four issues were found to be without merit on direct

---

[4] ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954).

[5] The PCRA court concluded that the evidence withheld by the Commonwealth was not exculpatory and that the ***Kloiber*** instruction would have been inappropriate in this case; thus, counsel was not ineffective in failing to request it. Trial Court Order, 7/1/2013.

[6] In his counseled PCRA petition, Appellant presented these issues in the context of an ineffective assistance of counsel claim.

[7] With respect to the first three issues, we observe that trial counsel moved for a mistrial for each alleged error, and this Court affirmed Appellant's judgment of sentence on the basis that the trial court did not err in denying the motions for a mistrial. Appellant's fourth issue is a challenge to the discretionary aspects of his sentence which was considered on direct appeal, and a panel of this Court concluded that the trial court did not abuse its discretion.

appeal; thus, those issues have been previously litigated pursuant to 42 Pa.C.S. § 9544(a)(2), and Appellant is not entitled to re-litigate them at this time.

Because Appellant has not presented any issue which we can review on appeal, we affirm the order of the PCRA court dismissing his PCRA petition.

Application for appointment of counsel denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2014