**[J-79-2012][M.O. – Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 563 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | 11/16/07 denying PCRA relief in the |
| | : | Court of Common Pleas, Criminal |
| v. | : | Division of Philadelphia County at No. |
| | : | CP-51-CR-0602521-1989 |
| | : | |
| ANTHONY REID, | : | |
| | : | |
| Appellant | : | SUBMITTED: June 20, 2012 |

**DISSENTING OPINION**

**MR. JUSTICE SAYLOR**                                      **DECIDED: August 20, 2014**

I find that the post-conviction court has offered unsustainable reasons supporting its denial of an evidentiary hearing on several claims raised in Appellant's first post-conviction petition.

For example, the PCRA court summarily dismissed Appellant's claim that his trial counsel was ineffective for failing to request a special, cautionary instruction concerning the reliability of eyewitness identification per Commonwealth v. Kloiber, 378 Pa. 412, 106 A.2d 820 (1954). Under Kloiber, such charge must issue:

> where the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions[.]

Id. at 424, 106 A.2d at 827 (emphasis added); accord Commonwealth v. Rollins, 558 Pa. 532, 555 n.14, 738 A.2d 435, 448 n.14 (1999) (observing that a Kloiber charge instructs the jury that an eyewitness's identification should be viewed with caution, inter alia, where the witness "had a problem making an identification in the past").

The PCRA court, however, simply ignored the highlighted aspect of Kloiber. For example, the court explained that "while it is true that some of the witnesses to whom the [Appellant refers to as having failed to identify him pretrial] did give prior inconsistent statements, their testimony at trial could not be characterized as coming from one who lacked 'a position to observe' or not being positive, or 'weakened by qualifications,' such as to require such a cautionary charge." Commonwealth v. Reid, Nos. CP-51-CR-1024821-1998, CP-51-CR-0602521-1989, slip op. at 35-36 (C.P. Phila. Feb. 14, 2011). Of course, the court's analysis is materially incomplete, since it displaces the aspect of Kloiber most relevant to Appellant's arguments -- the cautionary charge is also required where the eyewitness's "positive statements as to identity are weakened . . . by failure to identify defendant on one or more prior occasions." Kloiber, 378 Pa. at 424, 106 A.2d at 827.

In the present case, there are multiple, documented difficulties with the eyewitness identifications implicating a Kloiber charge. For example, it is a matter of record that eyewitness Scott Keenan not only failed to identify Appellant as a perpetrator at a pre-trial lineup but also affirmatively misidentified another individual. In this regard, at trial, on questioning by defense counsel, the detective who conducted the lineup procedure testified as follows:

> Q. There was one misidentification, by Mr. Keenan, is that correct?
>
> A. That's correct, counsel.

Q. If Mr. Keenan had come back to you at a later time [to correct the misidentification], would you have recorded that?

A. Yes.

Q. And you don't have that in your records?

A. No, I do not.

N.T., Aug. 9, 1990, at 1047-48.

The PCRA court was aware of Keenan's previous misidentification. Nevertheless, apparently based on its piecemeal portrayal Kloiber's ambit, the court shifted the inquiry from whether there was a previous failure to identify in the first instance to whether there was any inconsistency in Keenan's trial testimony. See Reid, Nos. CP-51-CR-1024821-1998, CP-51-CR-0602521-1989, slip op. at 38 (opining that Appellant "has failed to establish any real inconsistency in the witnesses' testimony, let alon[e] any that could be considered to be inconsistent to the degree that would require a cautionary instruction"). Nothing in Kloiber or its progeny, however, suggests any such redirection in focus. Rather, as I read it, the trial court's role relative to a Kloiber charge is merely to determine whether there were problems with previous identifications (or other circumstances suggesting that an eyewitness's testimony should be treated with caution) and, if so, to give the instruction. See, e.g., Kloiber, 378 Pa. at 424, 106 A.2d at 827.[1]

To the contrary, the post-conviction court's approach, credited by the majority, relies on time-of-trial explanations by the eyewitness and/or others for the previous

---

[1] A similar analysis applies with respect to eyewitness Walter Coggins, who failed to select Appellant's picture from various arrays of photographs presented to him by an investigating officer. Although the PCRA court asserted that the record did not indicate whether Appellant's picture was shown to this witness, in point of fact, the investigating officer specifically testified that Appellant's picture was shown to Coggins, and the witness did not make an identification. See N.T., August 7, 1990, at 855.

failure to identify. See, e.g., Majority Opinion, slip op. at 23-26. One apparent deficiency in such approach is that it accepts such explanations on their face, thereby removing properly instructed juries from their essential role in determining the credibility of the witnesses appearing before them. Commonwealth v. Markman, 591 Pa. 249, 280, 916 A.2d 586, 604 (2007) (explaining that "witness credibility assessments are within the jury's exclusive realm").[2]

---

[2] The majority downplays Keenan's actual and affirmative "misidentification" at the lineup -- which was plainly acknowledged as a matter of the official record by the detective who conducted the lineup -- by recharacterizing the lapse as "difficulty recalling Appellant's placement in a lineup." Majority Opinion, slip op. at 26. In my view, such approaches relying on post hoc explanations and characterizations have no place in the determination of whether a Kloiber instruction is implicated in the first instance. If there are problems associated with an eyewitness identification, the instruction should issue, and a properly informed jury should decide the salient credibility questions. Accord Kloiber, 378 Pa. at 424, 106 A.2d at 827. Indeed, that is essentially what the majority conveys in its initial recitation of the law, see Majority Opinion, slip op. at 19, albeit it fails to carry such governing principles into the application.

In light of my position as expressed above, the majority's criticism that I have failed to account for the time-of-trial explanations for the identification lapses, see Majority Opinion, slip op. at 24 n.21, obviously is unfounded. As I have said, in the face of previous failures to identify -- and indeed, an actual affirmative misidentification -- per Kloiber, Appellant should have been entitled to an appropriate instruction upon request. There is no basis in Kloiber for interposing post hoc explanations to negate such entitlement.

In my view, the decisions of this Court referenced by the majority should not be regarded as establishing a contrary rule. In the first instance, I do not read the two-sentence disposition in Commonwealth v. Fisher, 572 Pa. 105, 122, 813 A.2d 761, 770-71 (2002) (Opinion Announcing the Judgment of the Court), applying the previous-litigation doctrine, as overruling Kloiber's admonition that a special charge should be given where there are problems with previous identifications. Further, the decision in Commonwealth v. Ali, 608 Pa. 71, 10 A.3d 282 (2010), has little bearing here, since, contrary to prevailing circumstances in this case, the appellant in Ali "never demonstrated any issue with regard to [the eyewitness's] prior identifications of him as the assailant." Id. at 107, 10 A.3d at 304. Indeed, Ali straightforwardly recognizes that (continued . . .)

Significantly, the recent decision in Commonwealth v. Walker, ___ Pa. ___, ___ A.3d ___, 2014 WL 2208139 (Pa. May 28, 2014), reflects this Court's ongoing concern that jurors should have appropriate information to address "the vagaries of eyewitness identification." Id. at ___, ___ A.3d at ___, 2014 WL 2208139, at *10 (quoting United States v. Wade, 388 U.S. 218, 228, 87 S. Ct. 1926, 1933 (1967)). To address this concern, the Walker Court removed a longstanding per se prohibition against the proffer of expert testimony addressing the complex subjects of memory and belief. See id. at ___, ___ A.3d at ___, 2014 WL 2208139, at *21.

For my own part, I do not appreciate why, on the heels of Walker, the Court would choose to dilute the more modest requirement for cautionary instructions heralded long ago by Kloiber. In this respect, I believe the directions of Walker and the present majority opinion are substantially inconsistent.

The PCRA court also posited that, assuming trial counsel should have requested a Kloiber charge, there is no reasonable probability that the result of Appellant's trial would have been different in any event. Reid, Nos. CP-51-CR-1024821-1998, CP-51-CR-0602521-1989, slip op. at 38-39. In this line of reasoning, the court relied upon standard credibility and inconsistent-statement jury instructions as supplanting any role for a separate Kloiber charge. See id. at 39 (citing N.T., August 13, 1990, at 1227-30, 1234-36). I do not apprehend, however, how generic instructions advising jurors to adjudge credibility and inconsistent statements obviates the role of a cautionary Kloiber charge. Indeed, if this is so, we may as well remove Kloiber from our lexicon.

_____

(. . . continued)
Kloiber applies to any one of the "three disjunctive . . . circumstances" specified therein, id. at 106, 10 A.3d at 303, not merely to situations where eyewitnesses lack opportunities to view defendants clearly in the first instance.

Separately, I have expressed my concern about the type of judicial decision-making reflected in the post-conviction court's opinion and the deleterious impact of accepting such deficient treatment on appellate review. See, e.g., Commonwealth v. Simpson, ___ Pa. ___, ___, 66 A.3d 253, 284-86 (2013) (Saylor, J., dissenting). I incorporate those thoughts here by reference.

Based on the above, I would vacate the PCRA court's order and remand for appropriate treatment of Appellant's claims including the challenge to the stewardship of his trial counsel for his failure to request a Kloiber charge. Moreover, in the absence of some procedural hurdle, I believe that an evidentiary hearing should be made available so that the reasonable-basis and prejudice prongs of the ineffectiveness inquiry might be addressed properly.