J-S61037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HASSAN O. MCBRIDE, | : | |
| | : | |
| Appellant | : | No.  250 MDA 2015 |

Appeal from the Judgment of Sentence Entered January 9, 2015,
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0001509-2013

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED OCTOBER 06, 2015**

Hassan O. McBride (Appellant) appeals from a judgment of sentence imposed after a jury convicted him of delivery of a controlled substance (cocaine).  We affirm.

The background underlying this matter can be summarized as follows. From a vehicle he drove, Appellant sold approximately seven grams of cocaine to confidential informant Steven Clement (Clement).  Police subsequently arrested Appellant.  A jury convicted Appellant of delivery of a controlled substance (cocaine).  The trial court sentenced Appellant, and Appellant timely filed a notice of appeal.  The trial court directed Appellant to comply with Pa.R.A.P. 1925(b).  Appellant subsequently filed a 1925(b) statement, and the trial court responded by issuing an opinion pursuant to Pa.R.A.P. 1925(a).

_____
*Retired Senior Judge assigned to the Superior Court.

In his brief to this Court, Appellant asks us to consider the following questions:[1]

> [1.] Was the evidence introduced at trial sufficient to prove the guilt of [] Appellant?
>
> [2.] Did the trial court err in refusing to give [] Appellant's proffered instruction on identification testimony where the evidence established that there were significant questions concerning the ability of law enforcement officers to see who the informant purchased drugs from, and the proffered instruction was taken verbatim from the Pennsylvania Standard Criminal Jury Instruction 4.07B and has been approved by the Supreme Court of Pennsylvania?

Appellant's Brief at 2.

In support of the first issue, Appellant argues that the Commonwealth failed to offer sufficient evidence at trial to prove that he was the person who sold the cocaine to Clement. While Appellant acknowledges that Clement and at least one officer identified Appellant as the perpetrator at trial, he essentially claims that the jury should not have believed the identification testimony. *See*, *e.g.*, Appellant's Brief at 14 ("In the present case, although the prosecution successfully convinced the jury that [] Appellant was the individual who sold cocaine to Clement, the actual identification of [] Appellant rested on testimony from a thoroughly discredited informant and a series of illusory sightings [by police officers]

---

[1] We have reordered Appellant's issues.

that were simply not enough to overcome the presumption of [] Appellant's innocence and justify a conclusion of guilty.").

We review challenges to the sufficiency of the evidence as follows.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Graham*, 81 A.3d 137, 142 (Pa. Super. 2013) (citation omitted). Moreover, it is well-settled that the Commonwealth needs only one witness to identify a defendant as a perpetrator a crime in order to establish that the defendant in fact committed the crime. *See Commonwealth v. Holden*, 134 A.2d 868, 869 (Pa. 1957) ("[A] positive, unqualified identification of defendant by one witness is sufficient for conviction even though half a dozen witnesses testify to an alibi.").

- 3 -

At trial, Clement identified Appellant as the person who sold him cocaine on the day in question. N.T., 11/17/2014, at 89-96. This testimony alone was sufficient to establish that Appellant illegally delivered cocaine to Clement. While Appellant believes Clement's identification testimony was unreliable and incredible, as we noted above, the jury was charged with weighing the evidence and passing upon the credibility of the witnesses; we may not substitute our judgment for that of the jury. This issue warrants no relief.

We now consider Appellant's other issue. At trial, the Commonwealth called as a witness John J. Comerford, who is a corporal with the Pennsylvania State Police. Corporal Comerford was the officer in charge of surveilling Clement's drug purchase. In short, after Clement purchased the cocaine from Appellant and exited the vehicle, Corporal Comerford followed Appellant's vehicle. Appellant eventually parked at a mall. From approximately 20 yards away, Corporal Comerford observed Appellant walk into a nail salon. Forty-five minutes to an hour later, the corporal watched Appellant walk back to the vehicle and drive away. Corporal Comerford specifically identified Appellant as the person he observed that day. N.T., 11/17/2014, at 153.

Appellant submitted several proposed jury instructions to the trial court. One of the proposed instructions asked the court to charge the jury with a standard jury instruction consistent with **Commonwealth v. Kloiber**,

106 A.2d 820 (Pa. 1954). "A ***Kloiber*** instruction informs the jury that an eyewitness identification should be viewed with caution when either the witness did not have an opportunity to view the defendant clearly, equivocated on the identification of the defendant, or has had difficulties identifying the defendant on prior occasions." ***Commonwealth v. Sanders***, 42 A.3d 325, 332 (Pa. Super. 2012).

The trial court refused to give the jury such an instruction, and Appellant objected to the court's decision. On appeal, Appellant argues that the court erred by refusing to give a ***Kloiber*** instruction, essentially because Corporal Comerford's identification testimony was unreliable. ***See*** Appellant's Brief at 13 ("Appellant was clearly entitled to the instruction in light of the circumstances of Comerford's purported identification of [] Appellant, as he claimed to be able to make a visual identification of [] Appellant as he was sitting in his vehicle at dusk, located 60 feet away with two rows of parked cars blocking his view."). We disagree.

> When reviewing a challenge to part of a jury instruction, we must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

***Commonwealth v. Jones***, 954 A.2d 1194, 1198 (Pa. Super. 2008) (citation omitted).

As an initial matter, nothing in the record suggests that Corporal Comerford ever equivocated on the identification of Appellant or had difficulties identifying Appellant on prior occasions. Corporal Comerford did testify that Appellant's vehicle was parked "20 yards to [the corporal's] right and two rows forward." N.T., 11/17/2014, at 160. He also testified that, at this time, it was starting to get "a little dusky out." *Id.* at 160. However, contrary to Appellant's assertion, Corporal Comerford never stated that parked cars were "blocking his view." Indeed, nothing in the record suggests that Corporal Comerford did not have an opportunity to view Appellant clearly. Consequently, we can discern no abuse of discretion in the trial court's decision not to provide the jury with a *Kloiber* instruction.

Appellant has failed to convince us that he is entitled to appellate relief. Consequently, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2015

- 6 -