**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARTHUR FRANCES NICHOLL, JR. | |
| Appellant | No. 1146 MDA 2019 |

Appeal from the PCRA Order Entered July 8, 2019
In the 39th Judicial District, Franklin County Branch
Criminal Division at No: CP-28-CR-0000311-2016

BEFORE: SHOGAN, STABILE, and PELLEGRINI,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 14, 2020**

Appellant, Arthur Frances Nicholl, Jr., appeals from the July 8, 2019 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

On October 18, 2016, a jury found Appellant guilty of robbery and related offenses. On November 16, 2016, the trial court imposed an aggregate 30 to 120 months of incarceration. This Court affirmed the judgment of sentence on September 19, 2017. Our Supreme Court denied allowance of appeal on April 30, 2018, and Appellant, proceeding *pro se*, filed his timely first PCRA petition on July 16, 2018. Appointed counsel filed an amended petition on November 6, 2018. The PCRA court conducted a hearing

_____

[*] Retired Senior Judge assigned to the Superior Court.

on February 14, 2019. This timely appeal followed the PCRA court's denial of relief.

Appellant raises three assertions of error. First he claims the PCRA court erred in rejecting his claim that trial counsel was ineffective for failing to request an instruction pursuant to **Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954), **cert. denied**, 348 U.S. 875 (1954). Second, he claims trial counsel was ineffective for failing to file a motion *in limine* to preclude Commonwealth's witnesses from divulging Appellant's prior arrest history. His third claim, related to the second, is that trial counsel was ineffective for failing to request a mistrial after a Commonwealth witness divulged Appellant's prior arrest history to the jury. Appellant's Brief at 9. We will consider these issues in turn.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). The PCRA court's findings of fact and credibility determinations are binding on this Court if the record supports them. **Id.** We review the PCRA court's legal determinations *de novo*. **Id.** To prevail on a claim that counsel was ineffective, a PCRA petitioner must rebut the presumption of counsel's effectiveness by pleading and proving that (1) the underlying issue is of arguable merit; (2) that counsel had no reasonable strategic basis for the action or inaction; and (3) that prejudice resulted, such

that the outcome of the proceeding would have been different but for counsel's error. ***Commonwealth v. Spotz***, 870 A.2d 822, 829-30 (Pa. 2005), ***cert. denied***, 546 U.S. 984 (2005) (**quoting *Commonwealth v. Gribble***, 863 A.2d 455, 460-61 (Pa. 2004)).

First, Appellant argues trial counsel was ineffective for failing to request a ***Kloiber*** instruction. The ***Kloiber*** Court wrote:

> Where the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, positive and unqualified, the testimony as to identification need not be received with caution—indeed the cases say that his [positive] testimony as to identity may be treated as the statement of a fact. […] For example, a positive, unqualified identification of defendant by one witness is sufficient for conviction even though half a dozen witnesses testify to an alibi […].
>
> On the other hand, where the witness is not in a position to clearly observe the assailant, or he is not positive as to identity, or his positive statements as to identity are weakened by qualification or by failure to identify defendant on one or more prior occasions, the accuracy of the identification is so doubtful that the Court should warn the jury that the testimony as to identity must be received with caution.

***Id.*** at 826-27 (internal citations and quotation marks omitted).

Our Supreme Court later summarized the circumstances that create the need for a ***Kloiber*** charge: "a charge that a witness' identification should be viewed with caution is required where the eyewitness: (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past." ***Commonwealth v. Gibson***, 688 A.2d 1152, 1163 (Pa. 1997).

- 3 -

The victim in the instant case, Chen Yun, was delivering food to a church when she saw two people approaching her from the entranceway.  N.T. Trial, 10/17/16, at 17-18.  One attacked her through the driver's side window while the other removed her phone and purse, with more than $1,000.00 in cash, from the passenger's side.  *Id.* at 17-23, 26.  She saw both persons "very clearly" before they began their approach.  *Id.* at 19, 28.  At trial, Yun identified Appellant as the assailant with 100 percent certainty.  *Id.* at 19, 42  Prior to trial, police showed Yun a photo array that included Appellant's picture.  *Id.* at 173-76.  Yun paused on Appellant's picture but noted that he had facial hair in the picture, whereas her assailant was clean-shaven.  *Id.* at 175-76.  Thus, she was not positive that Appellant was the person depicted in the photo array.  *Id.*

Our Supreme Court considered a similar scenario in *Gibson*.  There, the witness recognized a face in the photo array but preferred to see the defendant in person before making an identification.  *Gibson*, 688 A.2d at 1163.  The witness was able to make an immediate positive identification at trial.  *Id.*  Our Supreme Court held that no *Kloiber* instruction was required in those circumstances.  *Id.*  Likewise, in *Commonwealth v. Yarris*, 549 A.2d 513, 527-28 (Pa. 1988), two witnesses positively identified the defendant at trial after expressing some doubt on an earlier occasion.  Since neither witness failed to identify the defendant on the earlier occasion, our Supreme Court held that no *Kloiber* instruction was required.  *Id.*  Similarly, in the

instant case, Yun did not fail to identify Appellant on any occasion. She selected his picture from the photo array, but had some doubt owing to the facial hair. Then she identified him with certainty at trial. Given the similarity between the instant facts and those of **Gibson** and **Yarris**, we conclude that those cases govern. Appellant's first assertion of ineffective assistance fails for lack of arguable merit of the underlying issue.

Next, Appellant claims counsel was ineffective for failing to file a motion *in limine* to preclude any reference to his prior arrests, and that trial counsel was ineffective for failing to object when a testifying police officer referenced a prior arrest of Appellant during his explanation of the photo array. N.T. Trial, 10/18/16, a19. Regarding the motion *in limine*, the PCRA court correctly explained that counsel is not required to anticipate and seek to exclude introduction of prior bad acts evidence. Rather, the Commonwealth is required to provide notice of its intent to introduce such evidence under Pa.R.E. 404(b)(3). The Commonwealth did not do so here.

Regardless, the PCRA court noted that Appellant had valid grounds to seek a mistrial because a Commonwealth witness referenced prior bad acts that had no connection to the instant charges. Thus, the court found this issue to be of arguable merit. Nonetheless, the PCRA court found that Appellant failed to demonstrate the lack of a strategic basis for counsel's inaction. "In considering whether counsel acted reasonably, we look to whether no competent counsel would have chosen that action or inaction, or, the

alternative, not chosen, offered a significantly greater potential chance of success." ***Commonwealth v. Barnett***, 121 A.3d 534, 540 (Pa. Super. 2015). "Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken." ***Id.***

At the PCRA hearing, counsel explained that he was happy with the way trial was going, and that he chose not to object and draw attention to the officer's passing reference to Appellant's prior arrest. N.T. Hearing, 2/14/19, at 24-25, 30. Counsel explained that a significant evidentiary ruling had gone in Appellant's favor, wherein he successfully objected to the admission of some highly incriminating Facebook posts picturing Appellant's possession of a significant amount of cash along with comments about how quickly he obtained it. ***Id.*** The objection succeeded because the Commonwealth failed to authenticate the posts, not because they were otherwise inadmissible. ***Id.*** at 25-26. Thus, counsel did not want to risk a new trial, at which the Commonwealth might successfully authenticate the Facebook posts. Counsel believed the Facebook posts would be far more damaging to the defense that the witness' passing reference to a prior arrest. ***Id.*** Further, counsel believed Yun's hesitation with the photo array provided a basis for a misidentification defense. ***Id.*** at 14.

Based on the foregoing, we discern no error in the PCRA court's conclusion that Appellant failed to prove that counsel lacked a reasonable

strategic basis for choosing not to object to a single reference of a prior arrest. Counsel believed the trial was going as well as he could have hoped, and he believed the Commonwealth could successfully admit highly incriminating Facebook posts on a retrial. The Facebook posts, in counsel's estimation, were much more damaging to Appellant's defense than the prior arrest. Appellant has failed to explain how an objection would have led to a greater chance of success, and therefore he has failed to establish that counsel lacked a reasonable strategic basis for his inaction.

Based on the foregoing we discern no error in the PCRA court's rejection of Appellant's claims. We therefore affirm the order dismissing Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/14/2020