J-S21028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICKY WELBORNE | |
| Appellant | No. 3039 EDA 2014 |

Appeal from the PCRA Order October 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1100541-2004

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED MARCH 04, 2016**

Ricky Welborne appeals from the order entered in the Court of Common Pleas of Philadelphia County that dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] After careful review, we affirm.

On July 26, 2006, a jury convicted Welborne of first-degree murder and possession of an instrument of crime (PIC). The trial court sentenced him to a mandatory term of life imprisonment plus a concurrent term of 9 to 60 months. This Court affirmed the judgment of sentence. **See Commonwealth v. Welborne**, 943 A.2d 325 (Pa. Super. 2007)

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

(unpublished memorandum). Our Supreme Court denied Welborne's petition for allowance of appeal. *See Commonwealth v. Welborne*, 946 A.2d 688 (Pa. 2008).

Welborne filed a timely *pro se* PCRA petition on November 17, 2008. Counsel was appointed and filed an amended petition alleging ineffective assistance of trial counsel. The court dismissed the petition on September 3, 2010, and on March 7, 2012, this Court affirmed. *See Commonwealth v. Welborne*, 47 A.3d 1236 (Pa. Super. 2012).

On June 11, 2012, several years after Welborne's judgment of sentence became final, he filed the instant PCRA petition. On October 3, 2014, the court dismissed the petition as untimely.

Welborne filed a notice of appeal on October 22, 2014, and by order dated October 27, 2014, the court directed him to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Welborne did not file a Rule 1925(b) statement, and on December 5, 2014, the trial court issued a Rule 1925(a) opinion stating that it would not address any issues due to Welborne's failure to file a Rule 1925(b) statement.

On appeal to this Court, Welborne raises the following issues for our review:

1. Did the trial court commit reversible error when it failed to instruct the jury on third-degree murder?

2. Did the trial court commit reversible error when it failed to give a **_Kloiber_**[2] instruction as to the eyewitness testimony of James Ruffin?

3. Did the trial court commit reversible error when it failed to read a complete and accurate jury instruction concerning circumstantial evidence to the jury?

4. Was trial counsel ineffective for failing to argue evidence regarding the voluntariness of [Welborne's] statement made to the police?

Appellant's Brief, at [4].

With respect to the failure to file a Rule 1925(b) statement, our

Supreme Court has stated:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [**Commonwealth v.**] **Lord** [719 A.2d 306 (Pa. 1998)] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

**_Commonwealth v. Hill_**, 16 A.3d 484, 494 (Pa. 2011).

---

[2] **_Commonwealth v. Kloiber_**, 106 A.2d 820 (Pa. 1954).

In light to Welborne's failure to file a Rule 1925(b) statement, we affirm the order of the PCRA court.[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016

---

[3] Even if Welborne had filed a timely Rule 1925(b) statement, he would not be entitled to relief. Any petition under the PCRA must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. 9545(b)(1). Welborne's judgment of sentence became final on July 8, 2008, when the time in which to file a petition for a writ of *certiorari* in the United States Supreme Court expired. **See** U.S. S.Ct. R. 13. Because Welborne has failed to allege and prove any of the exceptions to the time bar set forth in section 9525(b)(1)(i)-(iii), the petition was untimely. "An untimely petition renders this Court without jurisdiction to afford relief." **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citation omitted).