J-S02025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH JOHNSON, JR., | : | |
| | : | |
| Appellant. | : | No. 310 EDA 2018 |

Appeal from the Judgment of Sentence, September 19, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0003055-2014,
CP-51-CR-0003056-2014, CP-51-CR-0003057-2014.

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 23, 2019**

Keith Johnson, Jr. appeals from his judgment of sentence of life imprisonment without the possibility of parole after a jury found him guilty of first-degree murder, two counts of aggravated assault, possession of an instrument of crime, and two violations of the Uniform Firearms Act.[1]  After careful review, we affirm.

The facts forming the basis of Johnson's convictions were summarized by the trial court as follows:

> On the evening of July 19, 2011, Sabree Clinton, Terrell Spencer, and Gary McClain were all sitting on the porch of 1919 North 32nd Street.  As they were conversing [Spencer] noticed a man, later identified as [Johnson], in a pink or orange hooded

---

[1] 18 Pa.C.S.A. § 2502, 18 Pa.C.S.A. § 2702(a)(1), 18 Pa.C.S.A. § 907(a), and 18 Pa.C.S.A. §§ 6106(a)(1) and 6108.

sweatshirt approaching. [Johnson] crossed the street, took out a handgun and began firing, striking each of the three victims.

[Clinton] attempted to flee but was struck in the leg by a bullet before making it to the vestibule area. [Spencer] was shot multiple times in his legs before losing the ability to walk and collapsing. [Johnson] then turned to [McClain] and shot him in the head, killing him. After killing [McClain], [Johnson] stated 'that's what you get.' [Johnson] then fled towards Arlington Street.

Officer Brian Quirple arrived at the crime scene just after 9:00 p.m. on July 19, 2011. The Officer attempted to question [Spencer] but a crowd of approximately 75 people had formed, shouting at [Spencer] to not answer any questions. As [Clinton] was being transported to the hospital, he gave a description of the man who had shot him. Yolanda Johnson was sitting on her porch on Arlington Street at the time of the incident. She told police that she heard shots fired, and shortly thereafter, saw a man running past in a pink hooded sweatshirt and tan shorts. While canvassing the neighborhood after the shooting, Officer Katie Lankford found the sweatshirt in a nearby lot. She also observed [Johnson] who matched the description given by [Clinton and Ms. Johnson], wearing tan shorts pacing back and forth, watching her.

Lynn Haimowitz, a forensic scientist, tested the sweatshirt on March 6, 2012 and found the DNA of at least three people, and opined at trial that it was 22.99 times more likely that it was the DNA of [Johnson] and two other people than that it was the DNA of three random people.

During the investigation, [Spencer] identified [Johnson] from a photographic array presented to him by detectives, stating that he knew [Johnson] from his time playing basketball at the local courts. At the subsequent trials, [Spencer] recanted his identification of [Johnson]. During the instant trial, [Spencer] identified [Johnson] as the shooter, and admitted that his recantations at prior proceedings were due to his fear of being labeled "a snitch".

On February 26, 2013, while in custody for an unrelated matter [Clinton] also identified [Johnson] as the shooter from a photographic array. On August 26, 2013, [Clinton] described the shooter as 22 years old, 5'10", 155 pounds, and wearing a orange sweatshirt, almost an exact match of defendant at the time of the shooting. However, [Clinton] recanted his identification of

> [Johnson] at the prior trials and testified as a defense witness at the instant trial.
>
> The parties stipulated that [Johnson] was not licensed to carry a firearm.

Trial Court Opinion, 4/25/18, at 2-3 (citations omitted).

A jury found Johnson guilty of first degree murder, two counts of aggravated assault, possessing an instrument of crime and two violations of the Uniform Firearms Act.[2]  Thereafter, the trial court sentenced Johnson to a term of life imprisonment without the possibility of parole.  Johnson filed post-sentence motions asking for a judgment of acquittal, arrest of judgment, new trial and/or a modification of his sentence.  The trial court denied the motions.  Johnson timely filed a notice of appeal on January 24, 2018.[3]  Both Johnson and the trial court complied with Pa.R.A.P. 1925.

Johnson raises the following issues on appeal:

1. Whether the evidence produced at trial was sufficient, credible and reliable to sustain the jury's verdict of first degree murder, firearms not to be carried without a license, firearms carried in public, possessing an instrument of crime and aggravated assault.

2. Whether the jury's verdict finding Johnson guilty of first degree murder, firearms not to be carried without a license, firearms carried in public, possessing an instrument of crime and aggravated assault was against the weight of the evidence.

---

[2] Two previous trials in this matter resulted in hung juries.

[3] Because Johnson filed this single appeal on multiple dockets prior to June 1, 2018, **Commonwealth v. Walker**, 185 A.3d 969(Pa. 2018), does not apply (directing quashal when a defendant files one notice of appeal on multiple dockets after June 1, 2018).

3. Did the trial court commit reversible error when it denied Johnson's post-sentence motion for arrest of judgment, for judgment of acquittal and motion for a new trial when the trial court concluded that the evidence presented at trial was sufficient to sustain the jury verdicts on first degree murder and related charges regarding McClain and the aggravated assault charges related to the shooting of Spencer and Clinton where the weight of the evidence presented at trial was insufficient to sustain the verdicts.

*See* Johnson's Brief at 5. [4]

The Commonwealth contends that because Johnson conflates his sufficiency of the evidence claim with the weight of the evidence claim and fails to otherwise develop any other arguments related to sufficiency, his sufficiency claim is waived. Commonwealth's Brief at 6. Although Johnson did not separate his argument on his sufficiency claim from his weight claim as required by Pa.R.A.P. 2119, and his arguments overlap, we decline to find waiver in this case. Unlike *Commonwealth v. Birdseye*, 627 A.2d 1036 (Pa. Super. 1994), which the Commonwealth cites for support, Johnson's argument does not recite merely boiler plate language. He specifically claimed

---

[4] In his statement of issues, Johnson indicates that he is challenging the possession of an instrument of crime and firearm convictions. However, in his brief, Johnson does not specifically discuss either offense. He merely mentions these "related charges" as an after thought. Johnson's Brief at 16. We therefore find that any issues related to those convictions are waived because he failed to develop them. *See Commonwealth v. A.W. Robl Transport.*, 747 A.2d 400, 405 (Pa. Super. 2000).

Additionally, because Johnson's last issue is dependent upon resolution of his first two issues and is encompassed within them, we do not address it separately.

the Commonwealth failed to prove an essential element of these crimes and makes arguments concerning both sufficiency and weight. Thus, we will address both claims.

In his first issue, Johnson contends that the evidence was insufficient to support his convictions for first degree murder and aggravated assault. Consequently, the trial court erred in denying Johnson's post-sentence motion for acquittal. *Id.* at 13. We disagree.

Initially, we note our standard of review:

> In reviewing a sufficiency of the evidence claim we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott*, 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.* "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review

is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013). With these principles in mind, we address Johnson's sufficiency claim.

To prove first-degree murder, the Commonwealth must demonstrate that the defendant acted with malice and a specific intent to kill, that a human being was unlawfully killed, ***that the defendant committed the killing***, and that the killing was intentional, deliberate and premeditated. ***Commonwealth v. Chamberlain***, 30 A.3d 381, 394 (Pa. 2011); 18 Pa.C.S.A. § 2502 (emphasis added).

To prove aggravated assault, the Commonwealth must show that ***the defendant attempted to "cause serious bodily injury to another, or causes such injury*** intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702 (emphasis added).

The elements of both offenses may be proven by circumstantial evidence. ***See Commonwealth v. King***, 721 A.2d 763, 770 (Pa. 1998) (circumstantial evidence can itself be sufficient to prove any element or all of the elements of criminal homicide); ***Commonwealth v. Cox***, 686 A.2d 1279, 1285 (Pa. 1996), *cert. denied,* 522 U.S. 999 (1997); ***Commonwealth v. Matthews***, 870 A.2d 924, 929 (Pa. 2005) (circumstantial evidence sufficient to prove aggravated assault).

Johnson's main argument is that the Commonwealth failed to prove that he was the actor who allegedly committed these crimes. Specifically, Johnson argues that the evidence was insufficient to establish his identify as the one

who shot and killed McClain, or the one who shot and injured Spencer and Clinton. Johnson's Brief at 6. According to Johnson, the evidence identifying him as the shooter was weak, inconclusive, and speculative, at best. As such, it was not sufficient to overcome the presumption of innocence. Johnson's Brief at 14.

Contrary to Johnson's contention, our review of the record reveals that the Commonwealth presented direct evidence that Johnson was the shooter. Spencer was sitting on the porch with McClain and Clinton when the shooter approached and started shooting. Spencer testified that he specifically "noticed" the perpetrator approaching them. Having played basketball with Johnson at the local courts, Spencer recognized Johnson as the shooter. At trial, Spencer testified to this, and identified Johnson as the one who shot at him, McClain, and Spencer.

Clinton also had identified Johnson as the shooter from a photographic array during the investigation of the incident, but later recanted. This evidence also was presented to the jury for its consideration.

Additionally, the Commonwealth presented circumstantial evidence that corroborated Spencer and Clinton's identification of Johnson as the shooter. Both Spencer and Clinton testified that the shooter was wearing a pink or orange hooded sweatshirt. Ms. Johnson further corroborated this, testifying that she noticed a man wearing a pink hooded sweatshirt, white t-shirt and tan shorts fleeing from the scene of the shooting. Officer Lankford saw Johnson, dressed in a white t-shirt and tan shorts, a few hours after the

shooting, watching as she recovered an abandoned pink sweatshirt nearby. DNA collected from that sweatshirt indicated that it was 22.99 times more likely to have come from Johnson and two other people than three random people.

Nonetheless, Johnson contends that the evidence should have effected a different outcome—his acquittal. Johnson's Brief at 14. He relies on the evidence presented in his defense: Clinton and Spencer did not have enough time or opportunity to see the shooter; Clinton and Spencer were inconsistent in their identification of Johnson as the shooter at different times; at the instant trial, Clinton did not identify Johnson as the shooter and stated that the shooter was wearing a different color of shorts than Johnson was seen wearing the day of the incident; Clinton identified people in addition to or other than Johnson in the photo array; Spencer did not identify Johnson as the shooter at the lineup or during the first trial. Considering this testimony, he claims the evidence was insufficient to establish that he was the shooter. Johnson's Brief at 15.

Johnson's argument focuses solely on the identification evidence presented in this case which favors him. However, in reviewing a sufficiency challenge, this Court must view all of the evidence in the light most favorable to the Commonwealth as the verdict winner. **Koch, supra**. Moreover, Johnson is truly asking this Court to reweigh the evidence and substitute our judgment for that of the fact finder. This we cannot do.

Instead, viewing the evidence and all inferences therefrom in a light most favorable to the Commonwealth, we find that there was sufficient evidence to identify Johnson as the shooter and convict him of first degree murder and aggravated assault. Johnson is not entitled to relief on his sufficiency claim.

Johnson next contends that his conviction for first-degree murder and aggravated assault was against the weight of the evidence. He relies on the same testimony in support of his sufficiency claim. According to Johnson, the evidence identifying him as the shooter was so unreliable it rendered the verdict against the weight of the evidence, so as to shock one's sense of justice. For this reason, he contends that the trial court abused its discretion in denying Johnson's post-sentence motion for a new trial. Johnson's Brief at 14-16. Again, we disagree.

When reviewing a challenge to the weight of the evidence, our standard of review is as follows:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. **Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.**
>
> * * *
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

* * *

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. ***Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.***

***Commonwealth v. Clay****,* 64 A.3d 1049, 1054–55 (Pa. 2013) (citations omitted) (emphasis added). Absent an abuse of discretion, the trial court's decision will not be disturbed. ***See Commonwealth v. Griffin***, 515 A.2d 865, 869 (Pa. 1986). An abuse of discretion "is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law." ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007). By contrast, a proper exercise of discretion "conforms to the law and is based on the facts of record." ***Id.***

Initially, we note that Johnson fails to specify how the trial court abused its discretion; he merely restates the contradictory evidence presented at trial. Under a weight claim, mere conflict in testimony is not a sufficient basis to grant a new trial. ***See Clay***, 64 A.3d at 1055. Nevertheless, after a careful review of the record and the trial court's rationale for denying Henderson's post-sentence motion, we find that the trial court properly exercised its discretion in concluding that the verdict was not against the weight of the evidence.

In reaching its conclusion, the trial court acknowledged Johnson's claims regarding contradictory evidence. However, the trial court considered *all* of

the evidence presented at trial relating to identification of the shooter, not just the evidence favorable to Johnson. The trial court explained:

> [Johnson] makes several specific factual contentions that he claims render the identification evidence unreliable and, therefore the verdict was against the weight of the evidence. The jury heard in great detail the evidence and the testimony offered by both witnesses. A jury's role as fact-finder requires that it determine credibility. Here, the jury had the opportunity to hear the evidence and make credibility determinations. In rendering their verdict, the jury made a judgment on credibility in favor of the Commonwealth. This determination was one for the jury to make, and should only be overturned "if it is so contrary to the evidence as to shock one's sense of justice."

Trial Court Opinion, 4/25/28, at 10. The trial court did not find this here.

In fact, the trial court examined the identification evidence and observed that it was detailed and specific. *See id.* As a result, the trial court even declined to give the jury a cautionary ***Kloiber*** charge. [5] It stated:

> Here, there were two witnesses to the homicide, but both recanted their positive identification testimony during the initial trials. However, this was not a case of mistaken identification, but rather withdrawn identification, one of which was later given again by [Spencer] at the instant trial. . . . [Spencer], however, made a positive identification of [Johnson] at the instant trial and admitted that he had lied out of fear during the previous trials.

***Id***. at 11.

---

[5] "A ***Kloiber*** charge as part of a jury instruction is *not* required when 'the opportunity for positive identification is good, [the] witness is positive in his identification and his identification is not weakened but remains positive . . . the testimony as to identification need not be received with caution and may even be treated as a statement of fact.'" ***Id.*** (quoting ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954)).

- 11 -

Moreover, when charging the jury, the trial court summarized the identification evidence presented for its consideration. The court alerted the jury to the potential issues with the identification evidence and provided substantial guidance as to how to evaluate the inconsistences. *Id.* at 12.

Lastly, the trial court noted that, in addition to positive identification of Johnson as the shooter, DNA evidence was presented to the jury which implicated Johnson as the shooter. *Id* at 13.

Based upon the foregoing, we find that the trial court did not abuse its discretion in concluding that the jury's verdict convicting Johnson of first degree murder and aggravated assault was not against the weight of the evidence. Accordingly, Johnson is not entitled to relief on his weight claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/19