J-A23028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRISTAN VINCENT ROGERS | : | |
| | : | |
| Appellant | : | No. 69 MDA 2021 |

Appeal from the PCRA Order Entered December 21, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004021-2017

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 12, 2021**

Appellant, Tristan Vincent Rogers, appeals from the order dismissing his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant asserts that his trial attorney provided ineffective assistance of counsel ("IAC") by failing to request a jury instruction pursuant to ***Commonwealth v. Kloiber***, 106 A.2d 820 (Pa. 1954).  After careful review, we affirm.

Appellant's conviction stems from an assault that occurred on June 12, 2019.

> On June 12, 2016, … Victim was sitting with his young niece and
> nephew in his living room while his sister ["Witness"] was cooking
> breakfast in the kitchen. Suddenly, a pillow was placed over …
> Victim's head.  … Victim called for [Witness].  When she entered
> the living room, she saw Appellant, whom she knew from school

_____

[*] Former Justice specially assigned to the Superior Court.

and the neighborhood, pointing a gun at … Victim. Her children were sitting next to … Victim. Appellant then pointed the gun at [Witness] and instructed her to sit down. After she sat down, Appellant shot … Victim in his left thigh. The children ran to their mother, who took them upstairs and called police.

Corporal Josh Hammer of the Harrisburg Police Department arrived at … Victim's house. He observed … Victim on the grass, near the sidewalk, with a gunshot wound in his left thigh and in obvious pain. [Witness] eventually[1] identified Appellant from a photo array as the shooter.

*Commonwealth v. Rogers*, No. 1870 MDA 2018, unpublished memorandum at 1-2 (Pa. Super. filed Sept. 10, 2019).

Following a jury trial held on May 23, 2018[, Appellant] was convicted of Aggravated Assault, Person not to Possess a Firearm, Simple Assault, and Recklessly Endangering Another Person. [Appellant] was sentenced on May 30, 2018, to eleven to twenty-two years[' incarceration. Appellant] filed a Post Sentence Motion, which was denied by th[e trial c]ourt on October 11, 2018. A timely Notice of Appeal was filed on November 9, 2019. On September 10, 2019, the Pennsylvania Superior Court affirmed the judgment of sentence.[2] [Appellant] filed a timely PCRA [petition] on October 6, 2020. Th[e PCRA c]ourt entered a notice of intent to dismiss [Appellant]'s PCRA [petition] on November 5, 2020. A final dismissal order was entered on December 21, 2020.

PCO at 1.

_____

[1] The PCRA court notes that "[Witness] did not identify [Appellant] as the shooter on the day of the shooting," and that she "responded[,] 'I don't know[,]' when asked the shooter's identity" in her initial statement to police. PCRA Court Opinion ("PCO"), 2/16/21, at 3. It was nearly a year later, on May 30, 2017, when Witness first identified Appellant from a photo array, after she was approached by police. *See* N.T., 5/21/18, at 42-43. She also identified Appellant by his first name when shown the photo array. *Id.* at 40.

[2] *Commonwealth v. Rogers*, 221 A.3d 1245 (Pa. Super. 2019) (unpublished memorandum).

Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued its Rule 1925(a) opinion on February 16, 2021. Appellant now presents the following question for our review:

> Did the PCRA [c]ourt err when it held that [Appellant] was not entitled to relief for [IAC] when trial counsel failed to request a ***Kloiber*** instruction when [Appellant] was entitled to such an instruction[?]

Appellant's Brief at 5.

> This Court reviews

> an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

We review Appellant's IAC claim under the following standards:

> To prevail on a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in ***Commonwealth v. Pierce***, … 527 A.2d 973, 975–76 ([Pa.] 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

*Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (some citations omitted). The first, arguable merit prong asks, "whether the disputed action or omission by counsel was of questionable legal soundness." *Commonwealth v. Davis*, 541 A.2d 315, 318 (Pa. 1988).

> With regard to the second, reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will conclude that counsel's chosen strategy lacked a reasonable basis only if [the petitioner] proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

*Chmiel*, 30 A.3d at 1127–28 (cleaned up).

Instantly, Appellant argues that his trial counsel was ineffective for failing to request a *Kloiber* instruction/charge to accompany Witness's testimony before the jury.

> A *Kloiber* charge is appropriate when the accuracy of the testimony of an eyewitness'[s] identification is "so doubtful that the Court should warn the jury that the testimony as to identity must be received with caution." *Kloiber*, 106 A.2d at 826-27. A trial judge must provide the instruction "where the eyewitness: (1) did not have an opportunity to clearly view the defendant; (2) equivocated on the identification of the defendant; or (3) had a problem making an identification in the past." *Commonwealth v. Ali*, 10 A.3d 282, 303 (Pa. 2010). A *Kloiber* charge is not mandatory "[w]here an eyewitness has had 'protracted and unobstructed views' of the defendant and consistently identified the defendant 'throughout the investigation and at trial.'" *Id.*

- 4 -

(quoting **Commonwealth v. Dennis**, 715 A.2d 404, 411 (Pa. 1998)).

**Commonwealth v. Brown**, 196 A.3d 130, 163 (Pa. 2018) (citations reformatted). Additionally, "[o]ur case law makes clear that the need for a **Kloiber** charge focuses on the ability of a witness to identify the defendant" and that "prior inconsistent statements based upon fear of endangerment do not equate to a prior failure of ability to identify a defendant." **Commonwealth v. Reid**, 99 A.3d 427, 449 (Pa. 2014) ("**Reid I**"). Furthermore, "[w]hen the witness already knows the defendant, this prior familiarity creates an independent basis for the witness's in-court identification of the defendant and weakens ineffectiveness claims based on counsel['s] failure to seek a **Kloiber** instruction." **Commonwealth v. Ali**, 10 A.3d 282, 303 (Pa. 2010).

Here, the PCRA court determined that "any error in trial counsel's failure to call for a **Kloiber** instruction was harmless and would not have affected the outcome of [Appellant]'s trial." PCO at 5. Appellant argues that he was prejudiced by his trial counsel's failure to request a **Kloiber** charge because Witness did not identify Appellant until almost a year after the assault, and because she initially told police on the day of the shooting that she did not know who the shooter was. Appellant further argues that Witness's failure to initially identify Appellant did not fall within the fear-of-endangerment line of cases because Witness "did not fail to identify … Appellant as the shooter on the day of the shooting out of fear of retaliation, but to attend to other matters she considered more pressing at the time." Appellant's Brief at 19.

Specifically, Witness testified on cross-examination at trial that the reason she did not immediately identify Appellant was because she wanted to return home to her two children, as they had just experienced the trauma of witnessing the at-issue shooting. *See* N.T., 5/21/18, at 43. Nevertheless, under cross-examination by defense counsel, Witness remained adamant that she always knew Appellant was the shooter, despite her failure to identify him for nearly a year. *Id.* at 44-47.

Appellant acknowledges that Pennsylvania courts have previously declined to find IAC for failure to request a *Kloiber* charge where the reason given for an initial failure to identify was for something other than fear of retaliation. Appellant's Brief at 20. For instance, in *Commonwealth v. Reid*, 99 A.3d 470, 488 (Pa. 2014) ("*Reid II*"), our Supreme Court rejected a *Kloiber*-related IAC claims where an eyewitness, Coggins, had identified Reid at a hearing and at trial, but he had previously failed to identity Reid from a photo array. *Id.* at 490. The Court concluded that Coggins' failure to pick Reid's "photo from the photo array he was shown was not based on his inability to do so, but, rather, his unwillingness to identify [Reid] from a photo array for fear of making a mistake and his preference for an in-person identification." *Id.* at 491. Appellant asserts this case is distinguishable from *Reid II* because "Witness did not refuse to provide an identification based on the evidence provided, but instead claimed instead that she did not know who the shooter was when she first was interviewed by the police." Appellant's Brief at 22.

While we agree with Appellant that Witness's reasoning differs from that of Coggins' in ***Reid II***, we disagree that the difference compels a different result in this case. As noted above, a ***Kloiber*** instruction is primarily geared toward an eyewitness's ***ability to view*** a suspect. ***See Reid I***, 99 A.3d at 449. Here, there is no reason to believe that Witness' view of Appellant was in any way impeded immediately before and during the shooting of her brother. Moreover, in ***Reid II***, Coggins did not claim to be familiar with Reid when they interacted on the day of the crime. Witness, by contrast, testified that she knew Appellant from before the shooting incident, providing an "independent basis" for her identification of Appellant that "weakens ineffectiveness claims based on counsel['s] failure to seek a ***Kloiber*** instruction." ***Ali***, 10 A.3d at 303.

Given Witness's ability to observe Appellant during the shooting, her prior familiarity with Appellant (which was strongly corroborated by her ability to identify Appellant by name once she was shown a photo array that included his picture), her unwavering identification of Appellant from that point forward, and the trial court's "extensive jury instructions on both witness credibility and prior inconsistent statements[,]" PCO at 4, we conclude that the PCRA court's determination that Appellant was not prejudiced by his trial

counsel's failure to request a **Kloiber** charge is supported by the record and free of legal error.[3]  Accordingly, no relief is due.

Order **affirmed**.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/12/2021</u>

---

[3] We also note that, despite her initial claim of ignorance regarding the identity of the shooter, Witness was not shown a photo array or in-person lineup that included Appellant on the day of the shooting, and she unequivocally identified Appellant on the first occasion she was shown a photo array.  Thus, Witness never identified anyone other than Appellant as being the person who shot her brother.